# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH 03848-1258

FOR SERVICE

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION

Case Name:     **Al Dec, et al v Jeffrey Troxell, MD, et al**
Case Number:   **218-2017-CV-00349**

Date Complaint Filed: April 04, 2017

A Complaint has been filed against Atlantic Urology Associates; Katrin Bergeron MD ; Kathryn Bonafede MD ; Marita Gove, A.P.R.N.; Anne Lacey, A.P.R.N.; Lamprey Health Care; Jeffrey Troxell MD in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| May 19, 2017 | Al Dec; Jan Smith-Dec shall have this Summons and the attached Complaint served upon Atlantic Urology Associates; Katrin Bergeron MD ; Kathryn Bonafede MD ; Marita Gove, A.P.R.N.; Anne Lacey, A.P.R.N.; Lamprey Health Care; Jeffrey Troxell MD by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| June 09, 2017 | Al Dec; Jan Smith-Dec shall file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Atlantic Urology Associates; Katrin Bergeron MD ; Kathryn Bonafede MD ; Marita Gove, A.P.R.N.; Anne Lacey, A.P.R.N.; Lamprey Health Care; Jeffrey Troxell MD  must file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent to the party listed below and any other party who has filed an Appearance in this matter. |

**Notice to Atlantic Urology Associates; Katrin Bergeron MD ; Kathryn Bonafede MD ; Marita Gove, A.P.R.N.; Anne Lacey, A.P.R.N.; Lamprey Health Care; Jeffrey Troxell MD :** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
  Nicholas D. Cappiello, ESQ

Lubin & Meyer PC
100 City Hall Plaza
Boston MA 02108

BY ORDER OF THE COURT

pril 04, 2017                    Maureen F. O'Neil

NHJB-2678-S (10/23/2013)

STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                   SUPERIOR COURT
                                                  DOCKET NO.

Al Dec and Jan Smith-Dec,

Plaintiffs,

V.

Jeffrey Troxell, M.D., Anne Lacey, A.P.R.N., Marita Gove, A.P.R.N., Katrin Bergeron, M.D.,
Kathryn Bonafede, M.D., Atlantic Urology Associates, and Lamprey Health Care,

Defendants.

## COMPLAINT

1. The plaintiff, Al Dec, is a resident of 12 Frances Drive, Deerfield, Rockingham County, New Hampshire.

2. The plaintiff, Jan Smith-Dec, is a resident of 12 Frances Drive, Deerfield, Rockingham County, New Hampshire.

3. The Defendant, Jeffrey Troxell, M.D., 3 Alumni Drive, Suite 204, Exeter, Rockingham County, New Hampshire, was at all times relevant to this complaint a physician licensed to practice his profession in the State of New Hampshire.

4. The Defendant, Anne Lacey, A.P.R.N., 128 Route 27, Raymond, Rockingham County, New Hampshire, was at all times relevant to this Complaint an A.P.R.N. licensed to practice her profession in the State of New Hampshire.

5. The Defendant, Marita Gove, A.P.R.N., 128 Route 27, Raymond, Rockingham County, New Hampshire, was at all times relevant to this Complaint an A.P.R.N. licensed to practice her profession in the State of New Hampshire.

6. The Defendant, Katrin Bergeron, M.D., 128 Route 27, Raymond, Rockingham County, New Hampshire, was at all times relevant to this Complaint a physician licensed to practice her profession in the State of New Hampshire.

7. The Defendant, Kathryn Bonafede, M.D., 128 Route 27, Raymond, Rockingham County, New Hampshire, was at all times relevant to this Complaint a physician licensed to practice her profession in the State of New Hampshire.

8. The Defendant, Atlantic Urology Associates, 3 Alumni Drive, Suite 204, Exeter, Rockingham County, New Hampshire, was at all times to this Complaint a corporation duly organized and existing under the laws of the State of New Hampshire.

9. The Defendant, Lamprey Health Care, 128 Route 27, Raymond, Rockingham County, New Hampshire, was at all times relevant to this Complaint a corporation duly organized and existing under the laws of the State of New Hampshire.

## UNDERLYING FACTUAL ALLEGATIONS

1. In January of 2016, Al Dec was 60 years old when he was diagnosed with metastatic prostate cancer to the pelvic lymph nodes.

2. As of August 2011, Mr. Dec received his primary care at Lamprey Health Care in Raymond, NH.

3. On or about 8/29/11, Mr. Dec was 56 years old when he presented to Anne Lacey, A.P.R.N. at Lamprey Health Care to have laboratory studies drawn, which included a prostate specific antigen (PSA) draw. The results of the total PSA yielded 4.6 ng/mL (normal range 0-4.0).

4. On 9/9/11, Anne Lacey, A.P.R.N. reviewed laboratory results at an office visit. Mr. Dec was referred to for a urology consult based on his elevated PSA of 4.6.

5. On 9/23/11, Mr. Dec had a consultation with urologist, Jeffrey Troxell, M.D., at Atlantic Urology Associates in Exeter. On examination, Dr. Troxell noted that the prostate was modestly enlarged and palpably benign. Dr. Troxell discussed with Mr. Dec the "great controversy" surrounding the use of PSA screening, and did not feel that prostate biopsy or other intervention was necessary. Instead, Dr. Troxell recommended a recheck in 3 months with a repeat PSA at that time. Dr. Troxell also discussed the natural history of prostate cancer, and stressed that if a small cancer was present at this point, it would typically take a "decade or so for extraprostatic spread to develop." Dr. Troxell did not schedule a follow up visit or communicate his plan for follow up to the referring physicians at Lamprey Health Care. The written report of the office visit was not sent to Lamprey Health Care.

6. On 2/17/12, Mr. Dec returned to Anne Lacey, A.P.R.N. at Lamprey Health Care for a routine follow up visit and to check on labs that had been previously performed. A.P.R.N. Lacey did not perform a digital rectal examination of the prostate. A.P.R.N. Lacey noted that Mr. Dec had had an elevated PSA level, and documented that she did not think he had been seen urology as was discussed in September.

7. In her note, A.P.R.N. Lacey made a note to have "TC contact him;" however, she did not contact Mr. Dec., nor did she offer, order and/or perform a PSA draw.

8. On 3/29/13, Mr. Dec returned to Marita Gove, A.P.R.N. at Lamprey Health Care for a routine follow up visit and to check his blood pressure. A.P.R.N. Gove did not perform a genitourinary evaluation, including, but not limited to, a digital rectal examination of the

prostate. A.P.R.N. Gove did not offer, order and/or perform a PSA draw.

9. On 6/18/13, Mr. Dec returned to Lamprey Health Care and was seen by Katrin Bergeron, M.D. Dr. Bergeron did not perform a digital rectal examination of the prostate, nor did she offer, order and/or perform a PSA draw.

10. On 1/17/14, Mr. Dec returned to Lamprey Health Care and saw Marita Gove, A.P.R.N. A.P.R.N. Gove did not perform a digital rectal examination of the prostate, nor did she offer, order and/or perform a PSA draw.

11. On 4/15/15, Mr. Dec returned to Lamprey Health Care and saw Kathryn Bonafede, M.D., for complaints of the flu. Dr. Bonafede did not perform a digital rectal examination of the prostate, nor did she offer, order and/or perform a PSA draw

12. On 12/18/15, Mr. Dec presented to Ana Goubert, M.D. for follow up medications and to discuss decreased urination flow x 2 months. Mr. Dec discussed having trouble with his urine, decreased flow, and increased urgency at night with no pain/burning. Dr. Goubert examined Mr. Dec's prostate and found no tenderness, mild enlargement, and no nodules. Dr. Goubert's impression was benign prostatic hypertrophy (BPH), and recommended to check PSA, since the last draw was 4.6 in 2011. The PSA yielded a result of 96.80.

13. On 12/23/15, Mr. Dec presented to Cullen Jumper, M.D. at Atlantic Urology Associates for his elevated PSA of 96. Dr. Jumper noted Mr. Dec had a history of a PSA of 4.6 in 2011 and never had a prostate biopsy. Dr. Jumper performed a digital rectal exam and found an enlarged prostate that was approximately 40 grams with a hard left lobe. Dr. Jumper's recommendation was to proceed with transrectal ultrasound and prostate biopsy.

14. On 1/19/16, Mr. Dec presented to Atlantic Urology Associates for a transrectal ultrasound-guided prostate biopsy. The pathology revealed Gleason 4+4 adenocarcinoma of the prostate with perineural invasion.

15. On 2/20/16, a CT scan of the abdomen/pelvis found two 5 mm nodular densities at the right lung base, and a nodule posterior to the left side of the prostate abutting the rectum and enlarged lymph nodes.

16. On 2/29/16, a repeat PSA yielded a result of 69.6 ng/mL.

17. On 3/3/16, Mr. Dec presented to Gary Proulx, M.D. for radiation treatment in combination with hormones for his high to very high-risk adenocarcinoma of the prostate, with biopsies involving multiple cores and significant percentages of high-grade disease. Dr. Proulx discussed the use of external beam radiation treatment in conjunction with hormones. The plan was to have a few months of neoadjuvant hormones alone, and then start with concurrent radiation and hormone treatment.

18. On 3/14/16, Mr. Dec returned to Atlantic Urology Associates to undergo gold seed placement into the prostate for his metastatic disease to the pelvic lymph nodes.

19. On 3/17/16, Mr. Dec began radiation treatment for his high risk prostate cancer, with significant percentage of cores positive cT1c/T2b, GG=4+4=8. PSA 96. His plan for treatment was conformal or IMRT/IGRT EBRT.

20. At all times relevant to this complaint, Dr. Troxell was an agent, servant or employee of Atlantic Urology Associates, and was acting within the scope of his employment.

21. At all times relevant to this complaint, A.P.R.N. Lacey was an agent, servant or employee of Lamprey Health Care, and was acting with the scope of her employment.

22. At all times relevant to this complaint, A.P.R.N. Gove was an agent, servant or employee of Lamprey Health Care, and was acting within the scope of her employment.

23. At all times relevant to this complaint, Dr. Bergeron was an agent, servant or employee of Lamprey Health Care, and was acting within the scope of her employment.

24. At all times relevant to this complaint, Dr. Bonafede was an agent, servant or employee of Lamprey Health Care, and was acting within the scope of her employment.

## Count I.

1. The plaintiff, Al Dec, repeats and re-avers all the allegations in the Paragraphs above under the headings of Parties and Underlying Factual Allegations, as if expressly rewritten and set forth herein. This action is brought to recover for the conscious pain and suffering and personal injuries of the plaintiff, Al Dec.

2. At all times relevant to this complaint, the defendant, Jeffrey Troxell, M.D., was a physician licensed to practice his profession in the State of New Hampshire.

3. On or about 9/23/2011 through December 2015, the defendant, Jeffrey Troxell, M.D., rendered medical care and treatment to the plaintiff, Al Dec.

4. On or about 9/23/2011 through December 2015, the defendant, Jeffrey Troxell, M.D., owed a duty to the plaintiff, Al Dec, to render medical care and treatment in accordance with the applicable standards of care.

5. On or about 9/23/2011 through December 2015, the defendant, Jeffrey Troxell, M.D., breached his duty to the plaintiff, Al Dec, including, but not limited to, when he failed to communicate with the referring physician to ensure that Mr. Dec's primary care physician/office understood the plan for further PSA testing/screening; and when he failed to schedule a follow up visit and and/or perform repeat a PSA test.

6. On or about 9/23/2011 through December 2015, average qualified members of the medical profession practicing urology knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff, Al Dec. On or about

9/23/2011 through December 2015, the defendant, Jeffrey Troxell, M.D., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff, Al Dec.

7. On or about 9/23/2011 through December 2015, the defendant, Jeffrey Troxell, M.D., did not inform the plaintiff, Al Dec, of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's condition.  If the defendant, Jeffrey Troxell, M.D., had informed the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, Al Dec, neither Mr. Dec nor a reasonable person in his position would have elected the defendant's choice of treatment. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by Mr. Dec and to a reasonable person in his position as to whether to undergo or forego the defendant's choice of treatment.

8. The injuries sustained by the plaintiff, Al Dec, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment rendered by the defendant, Jeffrey Troxell, M.D., including, but not limited to the following:

   a. Defendant's misrepresentations to the plaintiff's that he was knowledgeable, skillful, and competent to diagnose, manage, and treat the plaintiff's  medical condition on or about 9/23/2011 through December 2015;

   b. Defendant's failure to render medical care and treatment on or about 9/23/2011 through December 2015 in a knowledgeable, skillful, reasonable, safe, and competent manner;

   c. Defendant's failure to adequately and properly diagnose and treat the plaintiff, Al Dec's medical condition on or about 9/23/2011 through December 2015 and the defendant's failure to prescribe proper and timely treatment and intervention for said condition;

   d. Defendant's failure to recognize, or have the knowledge to recognize his inability and lack of skill to diagnose and treat the plaintiff, Al Dec, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability and failure to properly and skillfully provide the plaintiff, Al Dec, with acceptable medical and diagnostic services;

   e. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing his specialty;

   f. Defendant's failure to possess or failure to exercise that degree of skill, training, and care that is required to prevent harm to the plaintiff, Al Dec;

   g. Defendant's failure to schedule a short interval follow-up visit;

   h. Defendant's failure to order and/or perform repeat PSA testing;

5

i.    Defendant's failure to communicate with the referring physician to ensure that Mr. Dec's primary care physician/office understood the plan for further PSA testing/screening;

j.    Defendant's failure to inform and failure to warn of the risks involved in or associated with the plaintiff, Al Dec's, condition, failure to inform and to warn about the treatment of said condition, and failure to inform and disclose to the plaintiff, Al Dec, the available alternatives to his proposed course of treatment.

9.  As a direct and proximate result of the substandard care and treatment rendered to Al Dec on or about 9/23/2011 through December 2015, and the substantial delay in the diagnosis and treatment, Al Dec has suffered severe and permanent injuries, his prostate cancer was permitted to grow and spread to the point where it is no longer amenable to cure, and he will, more likely than not, suffer a premature and preventable death from metastatic prostate cancer, and he has incurred and will continue to incur great expense of his medical, surgical and hospital care and treatment.

10. The severe and permanent injuries and damages sustained by Al Dec, including but not limited to his medical care and related costs and expenses, lost earnings, lost earning capacity, loss of household services, loss of consortium, loss of enjoyment of life, diminished life expectancy, physical and conscious pain and suffering, and other general and special damages, together with interests and costs, were the direct and proximate result of the negligent conduct of the defendant, Jeffrey Troxell, M.D.

WHEREFORE, the plaintiff, Al Dec, prays judgment against the defendant, Jeffrey Troxell, M.D., in an amount which is just and appropriate to compensate the plaintiff, Al Dec, for his injuries, together with interest and costs.

## Count II.

1.  The plaintiff, Jan Smith-Dec, is the wife of Al Dec, and a person entitled by marriage to the benefit of his full comfort, society, companionship, and consortium.

2.  The plaintiff, Jan Smith-Dec, repeats and reavers all of the allegations contained in the Paragraphs above under the headings of Parties and Underlying Factual Allegations and Count I, as if expressly rewritten and set forth herein.

3.  As the direct and proximate result of the carelessness and negligence of the defendant, Jeffrey Troxell, M.D., the plaintiff, Jan Smith-Dec, was caused to suffer and has been severely restricted of the benefit of the comfort, society, companionship, and consortium of her husband, all to her great damage.

WHEREFORE, the plaintiff, Jan Smith-Dec, prays judgment against the defendant, Jeffrey Troxell, M.D., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count III.

1. The plaintiff, Al Dec, repeats and re-avers all the allegations in the Paragraphs above under the headings of Parties, Underlying Factual Allegations, and Counts I through II, as if expressly rewritten and set forth herein. This action is brought to recover for the conscious pain and suffering and personal injuries of the plaintiff, Al Dec.

2. At all times relevant to this complaint, the defendant, Anne Lacey, A.P.R.N., was an A.P.R.N. licensed to practice her profession in the State of New Hampshire.

3. On or about 2/17/2012 through December 2015, the defendant, Anne Lacey, A.P.R.N., rendered care and treatment to the plaintiff, Al Dec.

4. On or about 2/17/2012 through December 2015, the defendant, Anne Lacey, A.P.R.N., owed a duty to the plaintiff, Al Dec, to render care and treatment in accordance with the applicable standards of care.

5. On or about 2/17/2012 through December 2015, the defendant, Anne Lacey, A.P.R.N., breached her duty to the plaintiff, Al Dec, including, but not limited to, when she failed to discuss, offer, recommend, order and/or perform PSA testing; failed to perform physical examinations of the prostate, including a digital rectal exam (DRE); failed to communicate with the plaintiff regarding his recent urology appointment and the urologist's plan; and when she failed to schedule/coordinate a follow up referral to urology for further evaluation.

6. On or about 2/17/2012 through December 2015, average qualified members of the medical profession practicing as an A.P.R.N. knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff, Al Dec. On or about 2/17/2012, the defendant, Anne Lacey, A.P.R.N., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff, Al Dec.

7. On or about 2/17/2012 through December 2015, the defendant, Anne Lacey, A.P.R.N., did not inform the plaintiff, Al Dec, of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, Al Dec. If the defendant, Anne Lacey, A.P.R.N., had informed the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, Al Dec, neither Mr. Dec nor a reasonable person in his position would have elected the defendant's choice of treatment. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by Mr. Dec and to a reasonable person in his position as to whether to undergo or forego the defendant's choice of treatment.

8. The injuries sustained by the plaintiff, Al Dec, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment rendered by the defendant, Anne Lacey, A.P.R.N., including, but not limited to the following:

a.  Defendant's misrepresentations to the plaintiff that she was knowledgeable, skillful, and competent to diagnose, manage, and treat the plaintiff's medical condition on or about 2/17/2012 through December 2015;

b.  Defendant's failure to render medical care and treatment on or about 2/17/2012 through December 2015 in a knowledgeable, skillful, reasonable, safe, and competent manner;

c.  Defendant's failure to adequately and properly diagnose and treat the plaintiff, Al Dec's medical condition on or about 2/17/2012 through December 2015 and the defendant's failure to prescribe proper and timely treatment and intervention for said condition;

d.  Defendant's failure to recognize, or have the knowledge to recognize her inability and lack of skill to diagnose and treat the plaintiff, Al Dec, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of her inability and failure to properly and skillfully provide the plaintiff, Al Dec, with acceptable medical and diagnostic services;

e.  Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the nursing profession practicing her specialty;

f.  Defendant's failure to possess or failure to exercise that degree of skill, training, and care that is required to prevent harm to the plaintiff, Al Dec;

g.  Defendant's failure to discuss, offer, recommend, order and/or perform PSA testing;

h.  Defendant's failure to perform physical examination of the prostate, including a digital rectal exam (DRE);

i.  Defendant's failure to communicate with the plaintiff regarding his recent urology appointment and/or the urologist's plan;

j.  Defendant's failure to schedule/coordinate a follow up referral to urology for further evaluation;

k.  Defendant's failure to inform and failure to warn of the risks involved in or associated with the plaintiff, Al Dec's, condition, failure to inform and to warn about the treatment of said condition, and failure to inform and disclose to the plaintiff, Al Dec, the available alternatives to her proposed course of treatment.

9.  As a direct and proximate result of the substandard care and treatment rendered to Al Dec on or about 2/17/2012 through December 2015, and the substantial delay in the diagnosis and treatment, Al Dec has suffered severe and permanent injuries, his prostate cancer was permitted to grow and spread to the point where it is no longer amenable to cure, and he will, more likely than not, suffer a premature and preventable death from metastatic prostate cancer, and he has incurred and will continue to incur great expense of his medical, surgical and hospital care and treatment.

10. The severe and permanent injuries and damages sustained by Al Dec, including but not limited to his medical care and related costs and expenses, lost earnings, lost earning capacity, loss of household services, loss of consortium, loss of enjoyment of life, diminished life expectancy, physical and conscious pain and suffering, and other general and special damages, together with interests and costs, were the direct and proximate result of the negligent conduct of the defendant, Anne Lacey, A.P.R.N.

WHEREFORE, the plaintiff, Al Dec, prays judgment against the defendant, Anne Lacey, A.P.R.N., in an amount which is just and appropriate to compensate the plaintiff, Al Dec, for his injuries, together with interest and costs.

## Count IV.

1. The plaintiff, Jan Smith-Dec, is the wife of Al Dec, and a person entitled by marriage to the benefit of his full comfort, society, companionship, and consortium.

2. The plaintiff, Jan Smith-Dec, repeats and reavers all of the allegations contained in the Paragraphs above under the headings of Parties and Underlying Factual Allegations and Count I through III, as if expressly rewritten and set forth herein.

3. As the direct and proximate result of the carelessness and negligence of the defendant, Anne Lacey, A.P.R.N. the plaintiff, Jan Smith-Dec was caused to suffer and has been severely restricted of the benefit of the comfort, society, companionship, and consortium of her husband, all to her great damage.

WHEREFORE, the plaintiff, Jan Smith-Dec, prays judgment against the defendant, Jeffrey Troxell, M.D., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count V.

1. The plaintiff, Al Dec, repeats and re-avers all the allegations in the Paragraphs above under the headings of Parties, Underlying Factual Allegations, and Counts I through IV, as if expressly rewritten and set forth herein. This action is brought to recover for the conscious pain and suffering and personal injuries of the plaintiff, Al Dec.

2. At all times relevant to this complaint, the defendant, Marita Gove, A.P.R.N., was an A.P.R.N. licensed to practice her profession in the State of New Hampshire.

3. On or about 3/29/2013 through December 2015, the defendant, Marita Gove, A.P.R.N., rendered care and treatment to the plaintiff, Al Dec.

4. On or about 3/29/2013 through December 2015, the defendant, Marita Gove, A.P.R.N., owed a duty to the plaintiff, Al Dec, to render care and treatment in accordance with the applicable standards of care.

5.  On or about 3/29/2013 through December 2015, the defendant, Marita Gove, A.P.R.N.., breached her duty to the plaintiff, Al Dec, including, but not limited to, she when she failed to discuss, offer, recommend, order and/or perform PSA testing; failed to perform physical examinations of the prostate, including a digital rectal exam (DRE); failed to communicate with the plaintiff regarding his prior urology appointment and the urologist's plan; and when she failed to schedule/coordinate a follow up referral to urology for further evaluation.

6.  On or about 3/29/2013 through December 2015, average qualified members of the medical profession practicing as an A.P.R.N. knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff, Al Dec. On or about 3/29/2013 through December 2015, the defendant, Marita Gove, A.P.R.N., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff, Al Dec.

7.  On or about 3/29/2013 through December 2015, the defendant, Marita Gove, A.P.R.N., did not inform the plaintiff, Al Dec, of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, Al Dec.  If the defendant, Marita Gove, A.P.R.N., had informed the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, Al Dec, neither Mr. Dec nor a reasonable person in his position would have elected the defendant's choice of treatment. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by Mr. Dec and to a reasonable person in his position as to whether to undergo or forego the defendant's choice of treatment.

8.  The injuries sustained by the plaintiff, Al Dec, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment rendered by the defendant, Marita Gove, A.P.R.N., including, but not limited to the following:

    a.  Defendant's misrepresentations to the plaintiff that she was knowledgeable, skillful, and competent to diagnose, manage, and treat the plaintiff's medical condition on or about 3/29/2013 through December 2015;

    b.  Defendant's failure to render medical care and treatment on or about 3/29/2013 through December 2015 in a knowledgeable, skillful, reasonable, safe, and competent manner;

    c.  Defendant's failure to adequately and properly diagnose and treat the plaintiff, Al Dec's medical condition on or about 3/29/2013 through December 2015 and the defendant's failure to prescribe proper and timely treatment and intervention for said condition;

    d.  Defendant's failure to recognize, or have the knowledge to recognize her inability and lack of skill to diagnose and treat the plaintiff, Al Dec, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of her inability and failure to properly and skillfully provide the plaintiff, Al Dec, with acceptable medical and diagnostic services;

e.  Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing his specialty;

f.  Defendant's failure to possess or failure to exercise that degree of skill, training, and care that is required to prevent harm to the plaintiff, Al Dec;

g.  Defendant's failure to discuss, offer, recommend, order and/or perform PSA testing;

h.  Defendant's failure to perform physical examination of the prostate, including a digital rectal exam (DRE);

i.  Defendant's failure to communicate with the plaintiff regarding his recent urology appointment and/or the urologist's plan;

j.  Defendant's failure to schedule/coordinate a follow up referral to urology for further evaluation;

k.  Defendant's failure to inform and failure to warn of the risks involved in or associated with the plaintiff, Al Dec's, condition, failure to inform and to warn about the treatment of said condition, and failure to inform and disclose to the plaintiff, Al Dec, the available alternatives to her proposed course of treatment.

9.  As a direct and proximate result of the substandard care and treatment rendered to Al Dec on or about 3/29/2013 through December 2015, and the substantial delay in the diagnosis and treatment, Al Dec has suffered severe and permanent injuries, his prostate cancer was permitted to grow and spread to the point where it is no longer amenable to cure, and he will, more likely than not, suffer a premature and preventable death from metastatic prostate cancer, and he has incurred and will continue to incur great expense of his medical, surgical and hospital care and treatment.

10.  The severe and permanent injuries and damages sustained by Al Dec, including but not limited to his medical care and related costs and expenses, lost earnings, lost earning capacity, loss of household services, loss of consortium, loss of enjoyment of life, diminished life expectancy, physical and conscious pain and suffering, and other general and special damages, together with interests and costs, were the direct and proximate result of the negligent conduct of the defendant, Marita Gove, A.P.R.N.

WHEREFORE, the plaintiff, Al Dec, prays judgment against the defendant, Marita Gove, A.P.R.N., in an amount which is just and appropriate to compensate the plaintiff, Al Dec, for his injuries, together with interest and costs.

## Count VI.

1.  The plaintiff, Jan Smith-Dec, is the wife of Al Dec, and a person entitled by marriage to the benefit of his full comfort, society, companionship, and consortium.

2.  The plaintiff, Jan Smith-Dec, repeats and reavers all of the allegations contained in the Paragraphs above under the headings of Parties and Underlying Factual Allegations and Count I through V, as if expressly rewritten and set forth herein.

3.  As the direct and proximate result of the carelessness and negligence of the defendant, Marita Gove, A.P.R.N., the plaintiff, Jan Smith-Dec, was caused to suffer and has been severely restricted of the benefit of the comfort, society, companionship, and consortium of her husband, all to her great damage.

    WHEREFORE, the plaintiff, Jan Smith-Dec, prays judgment against the defendant, Marita Gove, A.P.R.N., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count VII.

1.  The plaintiff, Al Dec, repeats and re-avers all the allegations in the Paragraphs above under the headings of Parties, Underlying Factual Allegations, and Counts I through VI, as if expressly rewritten and set forth herein. This action is brought to recover for the conscious pain and suffering and personal injuries of the plaintiff, Al Dec.

2.  At all times relevant to this complaint, the defendant, Katrin Bergeron, MD, was a physician licensed to practice his profession in the State of New Hampshire.

3.  On or about 6/18/2013 through December 2015, the defendant, Katrin Bergeron, MD, rendered medical care and treatment to the plaintiff, Al Dec.

4.  On or about 6/18/2013 through December 2015, the defendant, Katrin Bergeron, MD, owed a duty to the plaintiff, Al Dec, to render medical care and treatment in accordance with the applicable standards of care.

5.  On or about 6/18/2013 through December 2015, the defendant, Katrin Bergeron, MD., breached her duty to the plaintiff, Al Dec, including, but not limited to, when she failed to discuss, offer, recommend, order and/or perform PSA testing; failed to perform physical examinations of the prostate, including a digital rectal exam (DRE); failed to communicate with the plaintiff regarding his prior urology appointment and the urologist's plan; and when she failed to schedule/coordinate a follow up referral to urology for further evaluation.

6.  On or about 6/18/2013 through December 2015, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff, Al Dec.  On or about 6/18/2013 through December 2015, the defendant, Katrin Bergeron, MD, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff, Al Dec.

7.  On or about 6/18/2013 through December 2015, the defendant, Katrin Bergeron, MD, did not inform the plaintiff, Al Dec, of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, Al Dec. If the defendant, Katrin Bergeron, MD, had informed the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, Al Dec, neither Mr. Dec nor a reasonable person in his position would have elected the defendant's choice of treatment. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by Mr. Dec and to a reasonable person in his position as to whether to undergo or forego the defendant's choice of treatment.

8.  The injuries sustained by the plaintiff, Al Dec, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment rendered by the defendant, Katrin Bergeron, MD, including, but not limited to the following:

    a.  Defendant's misrepresentations to the plaintiff that she was knowledgeable, skillful, and competent to diagnose, manage, and treat the plaintiff's medical condition on or about 6/18/2013 through December 2015;

    b.  Defendant's failure to render medical care and treatment on or about 6/18/2013 through December 2015 in a knowledgeable, skillful, reasonable, safe, and competent manner;

    c.  Defendant's failure to adequately and properly diagnose and treat the plaintiff, Al Dec's medical condition on or about 6/18/2013 through December 2015 and the defendant's failure to prescribe proper and timely treatment and intervention for said condition;

    d.  Defendant's failure to recognize, or have the knowledge to recognize her inability and lack of skill to diagnose and treat the plaintiff, Al Dec, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of her inability and failure to properly and skillfully provide the plaintiff, Al Dec, with acceptable medical and diagnostic services;

    e.  Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing his specialty;

    f.  Defendant's failure to possess or failure to exercise that degree of skill, training, and care that is required to prevent harm to the plaintiff, Al Dec;

    g.  Defendant's failure to discuss, offer, recommend, order and/or perform PSA testing;

    h.  Defendant's failure to perform physical examination of the prostate, including a digital rectal exam (DRE);

    i.  Defendant's failure to communicate with the plaintiff regarding his recent urology appointment and/or the urologist's plan;

j.   Defendant's failure to schedule/coordinate a follow up referral to urology for further
     evaluation;

k.   Defendant's failure to inform and failure to warn of the risks involved in or associated
     with the plaintiff, Al Dec's, condition, failure to inform and to warn about the treatment
     of said condition, and failure to inform and disclose to the plaintiff, Al Dec, the available
     alternatives to her proposed course of treatment.

9.   As a direct and proximate result of the substandard care and treatment rendered to Al Dec on or
     about 6/18/2013 through December 2015, and the substantial delay in the diagnosis and
     treatment, Al Dec has suffered severe and permanent injuries, his prostate cancer was
     permitted to grow and spread to the point where it is no longer amenable to cure, and he will,
     more likely than not, suffer a premature and preventable death from metastatic prostate cancer,
     and he has incurred and will continue to incur great expense of his medical, surgical and
     hospital care and treatment.

10.  The severe and permanent injuries and damages sustained by Al Dec, including but not
     limited to his medical care and related costs and expenses, lost earnings, lost earning
     capacity, loss of household services, loss of consortium, loss of enjoyment of life, diminished
     life expectancy, physical and conscious pain and suffering, and other general and special
     damages, together with interests and costs, were the direct and proximate result of the
     negligent conduct of the defendant, Katrin Bergeron, MD.

        WHEREFORE, the plaintiff, Al Dec, prays judgment against the defendant, Katrin
Bergeron, M.D., in an amount which is just and appropriate to compensate him for his injuries,
together with interest and costs.

## Count VIII.

1.   The plaintiff, Jan Smith-Dec, is the wife of Al Dec, and a person entitled by marriage to the
     benefit of his full comfort, society, companionship, and consortium.

2.   The plaintiff, Jan Smith-Dec, repeats and reavers all of the allegations contained in the
     Paragraphs above under the headings of Parties and Underlying Factual Allegations and
     Count I through VII, as if expressly rewritten and set forth herein.

3.   As the direct and proximate result of the carelessness and negligence of the defendant, Katrin
     Bergeron, M.D., the plaintiff, Jan Smith-Dec, was caused to suffer and has been severely
     restricted of the benefit of the comfort, society, companionship, and consortium of her
     husband, all to her great damage.

        WHEREFORE, the plaintiff, Jan Smith-Dec, prays judgment against the defendant,
Katrin Bergeron, M.D., in an amount which is just and appropriate to compensate her for her
injuries, together with interest and costs.

## Count IX.

1.  The plaintiff, Al Dec, repeats and re-avers all the allegations in the Paragraphs above under the headings of Parties, Underlying Factual Allegations, and Counts I through XIII, as if expressly rewritten and set forth herein. This action is brought to recover for the conscious pain and suffering and personal injuries of the plaintiff, Al Dec.

2.  At all times relevant to this complaint, the defendant, Kathryn Bonafede, M.D., was a physician licensed to practice her profession in the State of New Hampshire.

3.  On or about 4/15/2015 through December 2015, the defendant, Kathryn Bonafede, M.D., rendered medical care and treatment to the plaintiff, Al Dec.

4.  On or about 4/15/2015 through December 2015, the defendant, Kathryn Bonafede, M.D., owed a duty to the plaintiff, Al Dec, to render medical care and treatment in accordance with the applicable standards of care.

5.  On or about 4/15/2015 through December 2015, the defendant, Kathryn Bonafede, M.D., breached her duty to the plaintiff, Al Dec, including, but not limited to, when she failed to discuss, offer, recommend, order and/or perform PSA testing; failed to perform physical examinations of the prostate, including a digital rectal exam (DRE); failed to communicate with the plaintiff regarding his prior urology appointment and the urologist's plan; and when she failed to schedule/coordinate a follow up referral to urology for further evaluation.

6.  On or about 4/15/2015 through December 2015, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff, Al Dec. On or about 4/15/2015 through December 2015, the defendant, Kathryn Bonafede, M.D., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff, Al Dec.

7.  On or about 4/15/2015 through December 2015, the defendant, Kathryn Bonafede, M.D., did not inform the plaintiff, Al Dec, of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, Al Dec. If the defendant, Kathryn Bonafede, M.D., had informed the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, Al Dec, neither Mr. Dec nor a reasonable person in his position would have elected the defendant's choice of treatment. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by Mr. Dec and to a reasonable person in his position as to whether to undergo or forego the defendant's choice of treatment.

8.  The injuries sustained by the plaintiff, Al Dec, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment rendered by the defendant, Kathryn Bonafede, M.D., including, but not limited to the following:

a.  Defendant's misrepresentations to the plaintiff that she was knowledgeable, skillful, and competent to diagnose, manage, and treat the plaintiff's medical condition on or about 4/15/2015 through December 2015;

b.  Defendant's failure to render medical care and treatment on or about 4/15/2015 through December 2015 in a knowledgeable, skillful, reasonable, safe, and competent manner;

c.  Defendant's failure to adequately and properly diagnose and treat the plaintiff, Al Dec's medical condition on or about 4/15/2015 through December 2015 and the defendant's failure to prescribe proper and timely treatment and intervention for said condition;

d.  Defendant's failure to recognize, or have the knowledge to recognize her inability and lack of skill to diagnose and treat the plaintiff, Al Dec, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of her inability and failure to properly and skillfully provide the plaintiff, Al Dec, with acceptable medical and diagnostic services;

e.  Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing his specialty;

f.  Defendant's failure to possess or failure to exercise that degree of skill, training, and care that is required to prevent harm to the plaintiff, Al Dec;

g.  Defendant's failure to discuss, offer, recommend, order and/or perform PSA testing;

h.  Defendant's failure to perform physical examination of the prostate, including a digital rectal exam (DRE);

i.  Defendant's failure to communicate with the plaintiff regarding his recent urology appointment and/or the urologist's plan;

j.  Defendant's failure to schedule/coordinate a follow up referral to urology for further evaluation;

k.  Defendant's failure to inform and failure to warn of the risks involved in or associated with the plaintiff, Al Dec's, condition, failure to inform and to warn about the treatment of said condition, and failure to inform and disclose to the plaintiff, Al Dec, the available alternatives to her proposed course of treatment.

9.  As a direct and proximate result of the substandard care and treatment rendered to Al Dec on or about 4/15/2015 through December 2015, and the substantial delay in the diagnosis and treatment, Al Dec has suffered severe and permanent injuries, his prostate cancer was permitted to grow and spread to the point where it is no longer amenable to cure, and he will, more likely than not, suffer a premature and preventable death from metastatic prostate cancer, and he has incurred and will continue to incur great expense of his medical, surgical and hospital care and treatment.

10. The severe and permanent injuries and damages sustained by Al Dec, including but not limited to his medical care and related costs and expenses, lost earnings, lost earning capacity, loss of household services, loss of consortium, loss of enjoyment of life, diminished life expectancy, physical and conscious pain and suffering, and other general and special damages, together with interests and costs, were the direct and proximate result of the negligent conduct of the defendant, Kathryn Bonafede, MD.

WHEREFORE, the plaintiff, Al Dec, prays judgment against the defendant, Kathryn Bonafede, M.D., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count X.

1. The plaintiff, Jan Smith-Dec, is the wife of Al Dec, and a person entitled by marriage to the benefit of his full comfort, society, companionship, and consortium.

2. The plaintiff, Jan Smith-Dec, repeats and reavers all of the allegations contained in the Paragraphs above under the headings of Parties and Underlying Factual Allegations and Count I through IX, as if expressly rewritten and set forth herein.

3. As the direct and proximate result of the carelessness and negligence of the defendant, Kathryn Bonafede, M.D., the plaintiff, Jan Smith-Dec, was caused to suffer and has been severely restricted of the benefit of the comfort, society, companionship, and consortium of her husband, all to her great damage.

WHEREFORE, the plaintiff, Jan Smith-Dec, prays judgment against the defendant, Kathryn Bonafede, M.D., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count XI.

1. The plaintiff, Al Dec, repeats and re-avers all the allegations in the Paragraphs above under the headings of Parties, Underlying Factual Allegations, and Counts I through X, as if expressly rewritten and set forth herein. This action is brought to recover for the conscious pain and suffering and personal injuries of the plaintiff, Al Dec.

2. At all times relevant to this complaint, the Defendant, Atlantic Urology Associates, 3 Alumni Drive, Suite 204, Exeter, Rockingham County, New Hampshire, was at all times to this Complaint a corporation duly organized and existing under the laws of the State of New Hampshire.

3. On or about 9/23/2011 through December 2015, the defendant, Atlantic Urology Associates, by and through its agents, servants or employees, rendered medical care and treatment to the plaintiff, Al Dec.

4. On or about 9/23/2011 through December 2015, the defendant, Atlantic Urology Associates, by and through its agents, servants or employees, owed a duty to the plaintiff, Al Dec, to render medical care and treatment in accordance with the applicable standards of care.

5. On or about 9/23/2011 through December 2015, the defendant, Atlantic Urology Associates, by and through its agents, servants or employees, breached its duty to the plaintiff, Al Dec, including, but not limited to, when they failed to communicate with the referring physician to ensure that Mr. Dec's primary care physician/office understood the plan for further PSA testing/screening; and when they failed to schedule a follow up visit and and/or perform repeat a PSA test.

6. On or about 9/23/2011 through December 2015, average qualified members of the medical profession practicing in the defendant's profession knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff, Al Dec.   On or about 9/23/2011 through December 2015, the defendant, Atlantic Urology Associates, by and through its agents, servants or employees, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff, Al Dec.

7. On or about 9/23/2011 through December 2015, the defendant, Atlantic Urology Associates, by and through its agents, servants or employees, did not inform the plaintiff, Al Dec, of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, Al Dec.  If the defendant, Atlantic Urology Associates, by and through its agents, servants or employees, had informed the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, Al Dec, neither Mr. Dec nor a reasonable person in his position would have elected the defendant's choice of treatment. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by Mr. Dec and to a reasonable person in his position as to whether to undergo or forego the defendant's choice of treatment.

8. The injuries sustained by the plaintiff, Al Dec, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment rendered by the defendant, Atlantic Urology Associates, by and through its agents, servants, or employees, including, but not limited to the following:

    a. Defendant's misrepresentations to the plaintiff's decedent that it was knowledgeable, skillful, and competent to diagnose, manage, and treat the plaintiff's medical condition on or about 9/23/2011 through December 2015;

    b. Defendant's failure to render medical care and treatment on or about 9/23/2011 through December 2015 in a knowledgeable, skillful, reasonable, safe, and competent manner;

    c. Defendant's failure to adequately and properly diagnose and treat the plaintiff, Al Dec's medical condition on or about 9/23/2011 through December 2015 and the defendant's failure to prescribe proper and timely treatment and intervention for said condition;

d. Defendant's failure to recognize, or have the knowledge to recognize its inability and lack of skill to diagnose and treat the plaintiff, Al Dec, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of its inability and failure to properly and skillfully provide the plaintiff, Al Dec, with acceptable medical and diagnostic services;

e. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing its specialty;

f. Defendant's failure to possess or failure to exercise that degree of skill, training, and care that is required to prevent harm to the plaintiff, Al Dec;

g. Defendant's failure to schedule a short interval follow-up visit;

h. Defendant's failure to order and/or perform repeat PSA testing;

i. Defendant's failure to communicate with the referring physician to ensure that Mr. Dec's primary care physician/office understood the plan for further PSA testing/screening;

j. Defendant's failure to inform and failure to warn of the risks involved in or associated with the plaintiff, Al Dec's, condition, failure to inform and to warn about the treatment of said condition, and failure to inform and disclose to the plaintiff, Al Dec, the available alternatives to the defendant's proposed course of treatment.

9. As a direct and proximate result of the substandard care and treatment rendered to Al Dec on or about 9/23/2011 through December 2015, and the substantial delay in the diagnosis and treatment, Al Dec has suffered severe and permanent injuries, his prostate cancer was permitted to grow and spread to the point where it is no longer amenable to cure, and he will, more likely than not, suffer a premature and preventable death from metastatic prostate cancer, and he has incurred and will continue to incur great expense of his medical, surgical and hospital care and treatment.

10. The severe and permanent injuries and damages sustained by Al Dec, including but not limited to his medical care and related costs and expenses, lost earnings, lost earning capacity, loss of household services, loss of consortium, loss of enjoyment of life, diminished life expectancy, physical and conscious pain and suffering, and other general and special damages, together with interests and costs, were the direct and proximate result of the negligent conduct of the defendant, Atlantic Urology Associates, by and through its agents, servants or employees.

WHEREFORE, the plaintiff, Al Dec, prays judgment against the defendant, Atlantic Urology Associates, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XII.

1. The plaintiff, Jan Smith-Dec, is the wife of Al Dec, and a person entitled by marriage to the benefit of his full comfort, society, companionship, and consortium.

2. The plaintiff, Jan Smith-Dec, repeats and reavers all of the allegations contained in the Paragraphs above under the headings of Parties and Underlying Factual Allegations and Count I through XI, as if expressly rewritten and set forth herein.

3. As the direct and proximate result of the carelessness and negligence of the defendant, Atlantic Urology Associates, by and through its agents, servants or employees, the plaintiff, Jan Smith-Dec, was caused to suffer and has been severely restricted of the benefit of the comfort, society, companionship, and consortium of her husband, all to her great damage.

   WHEREFORE, the plaintiff, Jan Smith-Dec, prays judgment against the defendant, Atlantic Urology Associates, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count XIII.

1. The plaintiff, Al Dec, repeats and re-avers all the allegations in the Paragraphs above under the headings of Parties, Underlying Factual Allegations, and Counts I through XII, as if expressly rewritten and set forth herein. This action is brought to recover for the conscious pain and suffering and personal injuries of the plaintiff, Al Dec.

2. At all times relevant to this complaint, the Defendant, Lamprey Health Care, 128 Route 27, Raymond, Rockingham County, New Hampshire, was at all times to this Complaint a corporation duly organized and existing under the laws of the State of New Hampshire.

3. On or about 2/17/12 through December 2015, the defendant, Lamprey Health Care, by and through its agents, servants or employees, rendered medical care and treatment to the plaintiff, Al Dec.

4. On or about 2/17/12 through December 2015, the defendant, Lamprey Health Care, by and through its agents, servants or employees, owed a duty to the plaintiff, Al Dec, to render medical care and treatment in accordance with the applicable standards of care.

5. On or about 2/17/12 through December 2015, the defendant, Lamprey Health Care, by and through its agents, servants or employees, breached its duty to the plaintiff, Al Dec, including, but not limited to, when they failed to discuss, offer, recommend, order and/or perform PSA testing; failed to perform physical examinations of the prostate, including a digital rectal exam (DRE); failed to communicate with the plaintiff regarding his prior urology appointment and the urologist's plan; and when they failed to schedule/coordinate a follow up referral to urology for further evaluation.

6. On or about 2/17/12 through December 2015, average qualified members of the medical profession practicing in the defendant's profession knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff, Al Dec. On or about 2/17/12 through December 2015, the defendant, Lamprey Health Care, by and through its agents, servants or employees, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff, Al Dec.

7. On or about 2/17/12 through December 2015, the defendant, Lamprey Health Care, by and through its agents, servants or employees, did not inform the plaintiff, Al Dec, of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, Al Dec. If the defendant, Lamprey Health Care, by and through its agents, servants or employees, had informed the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, Al Dec, neither Mr. Dec nor a reasonable person in his position would have elected the defendant's choice of treatment. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by Mr. Dec and to a reasonable person in his position as to whether to undergo or forego the defendant's choice of treatment.

8. The injuries sustained by the plaintiff, Al Dec, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment rendered by the defendant, Lamprey Health Care, by and through its agents, servants, or employees, including, but not limited to the following:

   a. Defendant's misrepresentations to the plaintiff that the defendant was knowledgeable, skillful, and competent to diagnose, manage, and treat the plaintiff's medical condition on or about 2/17/12 through December 2015;

   b. Defendant's failure to render medical care and treatment on or about 2/17/12 through December 2015 in a knowledgeable, skillful, reasonable, safe, and competent manner;

   c. Defendant's failure to adequately and properly diagnose and treat the plaintiff, Al Dec's, medical condition on or about 2/17/12 through December 2015 and the defendant's failure to prescribe proper and timely treatment and intervention for said condition;

   d. Defendant's failure to recognize, or have the knowledge to recognize its inability and lack of skill to diagnose and treat the plaintiff, Al Dec, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of its inability and failure to properly and skillfully provide the plaintiff, Al Dec, with acceptable medical and diagnostic services;

   e. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing the defendant's specialty;

   f. Defendant's failure to possess or failure to exercise that degree of skill, training, and care that is required to prevent harm to the plaintiff, Al Dec;

   g. Defendant's failure to discuss, offer, recommend, order and/or perform PSA testing;

   h. Defendant's failure to perform physical examination of the prostate, including a digital rectal exam (DRE);

   i. Defendant's failure to communicate with the plaintiff regarding his recent urology appointment and/or the urologist's plan;

   j. Defendant's failure to schedule/coordinate a follow up referral to urology for further evaluation;

   k. Defendant's failure to inform and failure to warn of the risks involved in or associated with the plaintiff, Al Dec's, condition, failure to inform and to warn about the treatment of said condition, and failure to inform and disclose to the plaintiff, Al Dec, the available alternatives to the defendant's proposed course of treatment.

9. As a direct and proximate result of the substandard care and treatment rendered to Al Dec on or about 2/17/12 through December 2015, and the substantial delay in the diagnosis and treatment, Al Dec has suffered severe and permanent injuries, his prostate cancer was permitted to grow and spread to the point where it is no longer amenable to cure, and he will, more likely than not, suffer a premature and preventable death from metastatic prostate cancer, and he has incurred and will continue to incur great expense of his medical, surgical and hospital care and treatment.

10. The severe and permanent injuries and damages sustained by Al Dec, including but not limited to his medical care and related costs and expenses, lost earnings, lost earning capacity, loss of household services, loss of consortium, loss of enjoyment of life, diminished life expectancy, physical and conscious pain and suffering, and other general and special damages, together with interests and costs, were the direct and proximate result of the negligent conduct of the defendant, Lamprey Health Care, by and through its agents, servants or employees.

     WHEREFORE, the plaintiff, Al Dec, prays judgment against the defendant, Lamprey Health Care, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XIV.

1. The plaintiff, Jan Smith-Dec, is the wife of Al Dec, and a person entitled by marriage to the benefit of his full comfort, society, companionship, and consortium.

2. The plaintiff, Jan Smith-Dec, repeats and reavers all of the allegations contained in the Paragraphs above under the headings of Parties and Underlying Factual Allegations and Count I through XIII, as if expressly rewritten and set forth herein.

3. As the direct and proximate result of the carelessness and negligence of the defendant, Lamprey Health Care, by and through its agents, servants or employees, the plaintiff, Jan

Smith-Dec, was caused to suffer and has been severely restricted of the benefit of the comfort, society, companionship, and consortium of her husband, all to her great damage.

WHEREFORE, the plaintiff, Jan Smith-Dec, prays judgment against the defendant, Lamprey Health Care, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

PLAINTIFFS DEMAND TRIAL BY JURY

Respectfully submitted,
The plaintiffs,
By their attorney,

Nicholas D. Cappiello
NH ID#:  17662
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, MA 02108
(617) 720-4447

23